1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TIMOTHY WATTS,                              No. CIV S-09-1515-CMK-P

12          Plaintiff,

13          vs.                                  <u>ORDER</u>

14   R. RAMOS, et al.,

15          Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).  The court is

19   required to screen complaints brought by prisoners seeking relief against a governmental entity or

20   officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).

21          Plaintiff names the following as defendants: Ramos, Murray, Gibson, Casey,

22   Reid, Thomson, and Prince.  He alleges that defendants were deliberately indifferent to a serious

23   medical need, in violation of his rights under the Eighth Amendment.  Specifically, he clams that

24   he has a well-documented medical file indicating various and serious medical needs, including

25   "heart and knee concerns."  According to plaintiff, his file reveals that, as early as 2006, his

26   medical problems precluded an upper bunk or upper tier cell assignment.  He states that

1

1 documents from 2007 and 2008 confirm this limitation.  Plaintiff also states that his "chest

2 pains" are well-documented and preclude him from being subject to any "unreasonable stressful

3 situation."

4          Petitioner alleges that, when he attempted to have prison staff follow medical

5 "chronos" for a lower bunk and lower tier cell assignment, he was "ignored, put-off, or told to

6 wait."  Specifically, he claims that defendant Murray, who was the "housing sergeant," was

7 aware that he was being housed in an upper bunk on an upper tier "as early as 12/7/06."  He

8 states that, on December 8, 2006, he sent defendant Gibson a request for interview, informing

9 him of the situation.  While plaintiff states that his request was ignored at first, he was eventually

10 given a lower bunk cell assignment, but remained on the upper tier.  Plaintiff states that he next

11 notified defendant Ramos, who is the "housing lieutenant," of the problem.   He adds that

12 defendants Murray and Gibson were "always informed of Plaintiff needing a <u>lower-tier</u>,

13 especially due to 'climbing and descending' stairs was 'dangerous and risky' due to his 'knee

14 medical concerns.'" (emphasis in original).  According to plaintiff, he informed defendant

15 Thomson via an inmate grievance of his need for a lower tier cell assignment "to no avail."

16          He claims that defendants Ramos, Murray, Gibson, and Thomson all had

17 "advance knowledge of Plaintiff being housed on the 'upper tier'" and that they all knew of the

18 "risk to a seriously ill inmate, being called 'upstairs.'"

19          Next, plaintiff alleges that, on June 18, 2008, he experienced chest pains,

20 dizziness, and difficulty breathing.  According to plaintiff here is no way for inmates in their cells

21 to communication with officers in the control towers and that inmates must "yell between a crack

22 in their door, until control tower hears them."  When plaintiff began experiencing chest pains on

23 June 18, 2008, he and his cellmate took turns yelling to defendant Reid, who was the officer in

24 the control tower at the time.  Plaintiff states that defendant Reid "came to his control tower

25 window" and "partially opened Plaintiff's door" whereupon plaintiff informed defendant Reid

26 that he needed medical attention.  Plaintiff alleges that defendant Reid's response was: "Wait

1  until yard release."

2        When he was eventually released to the yard, plaintiff went to the dayroom

3  "because he felt insecure walking outside in his condition." Plaintiff states that he again asked

4  defendant Reid to summon medical personnel, but that defendant Reid ordered plaintiff to return

5  to his cell. According to plaintiff, another inmate overheard defendant Reid say: "The only way

6  you're leaving this building is in a stretcher." Plaintiff adds that, by 12:30 p.m., he was "yelling

7  for the tower staff to call medical" and that, a short time later, another inmate in the unit "saw no

8  movement" from plaintiff. This inmate then informed defendant Reid of the situation but

9  defendant Reid said that plaintiff would have to wait until the prison nurse arrived on her "pill

10  call rounds." Plaintiff claims that, when the nurse – defendant Prince – arrived, she did not go to

11  the plaintiff's cell. Without further detail, plaintiff alleges that defendant Prince "was aware of

12  Plaintiff's condition and improper cell confinement."

13        Plaintiff states that, as defendant Prince was making her rounds, defendant Reid

14  opened his cell door. He states that, while descending the stairs from the upper tier in order to

15  obtain medical attention, his knees weakened and he "rolled half-way down the stairs, where he

16  landed on the lower-tier floor – 'unconscious.'" According to plaintiff, it was only then that

17  defendant Reid spoke to defendant Prince to inform her of a "fallen inmate." Plaintiff adds that,

18  even though he was laying unconscious on the floor, "it still took awhile before the alarm was

19  sounded." Plaintiff claims that inmates who witnessed the situation described defendant Prince's

20  "manner as 'indifferent.'" Additional medical staff eventually arrived and plaintiff was put on a

21  stretcher to be taken to an outside hospital. It was later determined that plaintiff had suffered a

22  heart attack.

23        Plaintiff claims that defendant Casey was the "floor officer" on June 18, 2008, and

24  that he was aware of plaintiff's medical problem but "failed to get emergency care. . . ." Without

25  stating how defendant Casey was aware of plaintiff's need for a lower tier cell assignment,

26  plaintiff also stated that defendant Casey "did not correct this continuous violation."

1    The  complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C.

2 § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a reasonable

3 opportunity to prevail on the merits of this action.  The court, therefore, finds that service is

4 appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is

5 informed, however, that this action cannot proceed further until plaintiff complies with this order.

6 Plaintiff is warned that failure to comply with this order may result in dismissal of the action.

7 See Local Rule 11-110.

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.    The court authorizes service on the following defendant(s):

10    RAMOS,

11    MURRAY,

12    GIBSON,

13    CASEY,

14    REID,

15    THOMSON, and

16    PRINCE;

17    2.    The Clerk of the Court shall send plaintiff one USM-285 form for each

18 defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.    The completed Notice of Submission of Documents;

    b.    One completed summons;

    c.    Seven completed USM-285 form(s); and

    d.    Eight copies of the endorsed complaint.

DATED:  June 25, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

TIMOTHY WATTS,                                No. CIV S-09-1515-CMK-P

        Plaintiff,

    vs.

R. RAMOS, et al.,

        Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

        __1__        completed summons form;

        _____        completed USM-285 form(s); and

        _____        copies of the complaint.

DATED: _____           _____

                                              Plaintiff