1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TIMOTHY WATTS,                        No. CIV S-09-1515-KJM-CMK-P

12              Plaintiff,

13        vs.                              <u>ORDER</u>

14   R. RAMOS, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court are the United States Marshal's requests for

19   reimbursement of costs of personal service (Docs. 13 & 15).

20              The court ordered the United States Marshal to serve process upon the

21   defendant(s) in this case.  The Marshal was directed to attempt to secure a waiver of service

22   before attempting personal service on any defendant.  If a waiver of service was not returned

23   within sixty days, the Marshal was directed to effect personal service on the defendant in

24   accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.

25   § 566(c), without prepayment of costs, and to file the return of service with evidence of any

26   attempt to secure a waiver of service and with evidence of all costs subsequently incurred in

1

effecting personal service.

On November 30, 2009, the United States Marshal filed a return of service with a USM-285 form showing total charges of $145.75 for effecting personal service on defendant Price.  The form shows that a waiver of service form was mailed to the defendant on August 12, 2009, and that no response was received.  Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A)    the expenses later incurred in making service; and
> (B)    the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.
>
> Fed. R. Civ. P. 4(d)(1), (2).

The court finds that defendant Price was given the opportunity required by Rule 4(d) to waive service and has failed to show good cause for the failure to comply with the request.

The docket similarly reflects that the United States Marshal filed returns of service with USM-285 forms showing total charges of $73.33 each for effecting person service on defendants Ramos, Murry, Gibson, Casey, Reid, and Thomson.  The forms show that waivers of service forms were mailed to these defendants on August 12, 2009, and that no responses were received.  The court also finds that defendants Ramos, Murry, Gibson, Casey, Reid, and Thomson were given the opportunity to waive service and have failed to show good cause for their failure to comply with the request.

/ / /

/ / /

/ / /

/ / /

1    Accordingly, IT IS HEREBY ORDERED that:

2         1.    The United States Marshal's requests for reimbursement of costs of

3    service (Docs. 13 & 15) are granted;

4         2.    Within fourteen days from the date of this order, defendant Price shall pay

5    to the United States Marshal the sum of $145.75;

6         3.    Within fourteen days from the date of this order, defendants Ramos,

7    Murry, Gibson, Casey, Reid, and Thomson shall each pay to the United States Marshal the sum

8    of $73.33; and

9         4.    The Clerk of the Court is directed to serve a copy of this order on the

10   United States Marshal.

11

12   DATED:  December 8, 2011

13

14                                        CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26