IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS, | No. CIV S-09-1515-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| R. RAMOS, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Pending before the court is plaintiff's motion for an extension of time (Doc. 55) to file a response to defendants' motion for summary judgment. Good cause appearing therefor, the request is granted. Plaintiff's opposition shall be due within 60 days of the date of this order.

Also before the court is plaintiff's motion "requesting the removal of Magistrate Judge Kellison" (Doc. 56). Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of

1

any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144.  See U.S. v. Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency.  See Berger, 255 U.S. at 233.  To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

In this case, plaintiff's request for the removal of the undersigned is based solely on adverse rulings.  Plaintiff does not present any facts showing a bias against plaintiff or for defendants which flows from an extrajudicial source.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (Doc. 55) is granted;

2. Plaintiff's opposition to defendants' motion for summary judgment shall be due within 60 days of the date of this order; and

3. Plaintiff's motion for the disqualification of the undersigned is denied.

DATED: May 10, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE